| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:24-CR-99 |
| | § | |
| SARAH LEA CLOYD | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Sarah Lea Cloyd's ("Cloyd") *pro se* Request to Terminate Probation (#2). Cloyd seeks early release from her two-year term of probation. Cloyd's supervising United States Probation and Pretrial Services ("Probation") Officer in the Eastern District of Texas prepared a report dated June 2, 2025, and recommends that the court deny her motion, allowing Cloyd to complete her two-year term of probation, as ordered. The Government is also opposed to Cloyd's request for early termination. Having considered the motion, Probation's report, the Government's position, the record, and the applicable law, the court is of the opinion that Cloyd's motion should be denied.

I.  Background

On September 21, 2023, a federal grand jury in the Southern District of Texas returned a single-count Indictment charging Cloyd with Transportation of an Undocumented Alien, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(ii), and 1324(a)(1)(B)(ii). On January 4, 2024, pursuant to a binding a plea agreement, Cloyd pleaded guilty to Count One of the Indictment. On March 26, 2024, the court sentenced Cloyd to two years' probation, subject to the standard conditions of release plus special conditions to include 25 hours of community service, mental health treatment, substance abuse treatment, and a $100 special assessment. Subsequently, the Southern District of Texas initiated a transfer of jurisdiction of Cloyd's case,

and, on November 4, 2024, jurisdiction was transferred to the Eastern District of Texas. On November 12, 2024, Cloyd violated the standard conditions of supervision for her term of probation by knowingly leaving the Eastern District of Texas without first getting permission from the court or her probation officer. No action was taken by the court in response to Cloyd's violation.

In the current motion, Cloyd states that she has served more than one year of her term of probation. She further reports that she has completed 25 hours of community service, paid the $100 special assessment, has not been in any legal trouble, and participated in the mental health treatment that was ordered. Cloyd also asserts that she is currently employed at Dollar Tree and also attends school for coding and billing from which she anticipates graduating with her bachelor's degree in September.

II.    Analysis

Title 18, United States Code, Section 3564(c) authorizes a district court, after considering the factors set forth in § 3553(a) to the extent applicable, to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of

justice."¹  18 U.S.C. § 3564(c).  The decision whether to grant a motion for early termination of a term of probation is a matter of sentencing court discretion.  *United States v. Hartley*, 34 F.4th 919, 928 (10th Cir. 2022); *United States v. Morris*, No. 15-10085-09-JWB, 2023 WL 2987757, at *1 (D. Kan. Apr. 18, 2023); *United States v. Vaisman*, No. 15-348, 2020 WL 5627139, at *1 (D. N.J. Aug. 18, 2020).

Courts have routinely found that "mere compliance with the conditions of probation" does not warrant early termination of a probation term, as such behavior is required by law.  *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017); *e.g.*, *United States v. Wilkinson*, No. 3:18-CR-00009 (TBR), 2022 WL 1626575, at *2 (W.D. Ky. May 23, 2022) (pointing out that "compliance is expected of an offender on probation; compliance, by itself, does not warrant early termination"); *United States v. Reed*, No. CR 15-100, 2020 WL 4530582, at *4 (E.D. La. June 5, 2020) ("[C]ompliance with applicable terms and conditions of probation is expected of all defendants and does not warrant early termination."); *United States v. Acosta-Triana*, No. CR 01-0817 (ES), 2017 WL 4786559, at *2 (D.N.J. Oct. 23, 2017) (finding general compliance with probation terms "insufficient to terminate probation"); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants).  As the court commented in *United States v. Seebachan*, "even if a

---

¹ Section 3553(a) directs courts to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for the applicable category of offense committed by defendants with similar characteristics under Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

defendant's record while on probation is 'apparently unblemished, this alone cannot be sufficient reason to terminate [probation] since, if it were, the exception would swallow the rule.'" No. 12 Crim. 505 (GBD), 2018 WL 2085654, at *1 (S.D.N.Y. Apr. 24, 2018) (quoting *United States v. Gerritson*, No. 01 CR 1081 (JCF), 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004)). Probation does not become "unnecessary simply because a person has complied with the requirements." *United States v. Aguilar*, No. 1:19-cr-00224-BLW, 2024 WL 357024, at *1 (D. Idaho Jan. 31, 2024).

Early termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, "such as exceptionally good behavior." *United States v. Guidry*, No. 3:19-DR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020); *see Reed*, 2020 WL 4530582, at *4 ("[Defendant] has not presented any facts to demonstrate that he has taken any action beyond what is [ordinarily] required of him."); *United States v. Williams*, No. CR 12-00253, 2017 WL 1383428, at *1 (W.D. Pa. Apr. 18, 2017) (finding compliance with probation terms neither exceptional nor extraordinary); *United States v. Hilton*, No. CR 13-172 PJH, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014) (finding defendant had failed to demonstrate "exceptionally good behavior" or "new or unforseen circumstances" that were not contemplated at the initial imposition of probation sufficient to warrant early termination, although commenting that his recent charitable work was commendable). "The decision to terminate probation early is left to a court's discretion and has traditionally only been granted when a defendant can show changed circumstances." *Vaisman*, 2020 WL 5627139, at *1-2 (denying early termination of five-year term of probation to 81-year-old defendant in poor health who pleaded guilty to a tax violation, noting that mere compliance with the conditions of probation is expected

and there was no showing of any changed circumstances from the time of sentencing when he was granted a variance).

In this situation, the court finds early termination of Cloyd's probation unwarranted. Although Cloyd points to her compliance with the conditions of her probation, her employment, and the furtherance of her education, she identifies no new or exceptional circumstances that justify early termination. *See Reed*, 2020 WL 4530582, at *2 ("[P]roof of compliance with the terms of probation does not necessarily equate to 'exceptionally good behavior' justifying early termination."); *Ferrell*, 234 F. Supp. 3d at 64 (finding full compliance with the terms of probation, good behavior, and hope to take advantage of career advancement opportunities did not warrant early termination). Such relief also would not reflect the serious nature of her offense of conviction, namely Cloyd's participation in an alien-smuggling operation in which she transported two undocumented aliens (a male from El Salvador and a female from Ecuador) within the United States by concealing them underneath blankets in the cargo area of a sport utility vehicle. She initially reported to immigration agents at a United States Border Patrol checkpoint near Falfurrias, Texas, that she was a United States citizen headed to Corpus Christi from Mission, Texas, and that she "had a bunch of junk" in the back. Agents noticed that Cloyd had no luggage and observed items in the cargo area of her vehicle covered by blankets. After a canine alerted to the vehicle, she was referred to the secondary inspection area, which led to the discovery of the two aliens who had unlawfully entered the United States.

Cloyd, age 39, has a long history of substance abuse beginning at age 11, including the daily use of marijuana, as set forth in her Presentence Investigation Report. While on pretrial release, Cloyd tested positive for marijuana twice in the fall of 2023 and once in February 2024.

Cloyd has a continuing need for substance abuse testing and treatment, which is special condition of her release on probation. Probation reports that Cloyd has "progressed in her mental health treatment program and is currently enrolled in weekly individual counseling sessions with Pathways to address integrated treatment for dual disorders (substance abuse and mental health)." Probation adds that she is "also currently prescribed medication to assist with her mental health concerns."

On November 12, 2024, while serving her sentence of probation, Cloyd knowingly violated the conditions of probation by traveling outside of the Eastern District of Texas across state lines to Lawton, Oklahoma. While she was there, Fort Sill Military Police notified Probation that Cloyd was on the base to see her son graduate from basic training. Cloyd did not obtain permission from the court or her probation officer before traveling outside of the Eastern District of Texas. In response to Cloyd's violation, a violation report was submitted to the court by Probation in December 2024. Her probation officer advised the court that permission to attend the graduation would have been granted had Cloyd asked. The court agreed to take no action against Cloyd for the violation.

The court finds no compelling reason for further leniency. *See United States v. Castillo-Cruz*, No. 20-60018-JWB, 2022 WL 2817610, at *2 (D. Kan. July 19, 2022) (denying motion for early termination of probation observing that the defendant's sentencing range included a term of incarceration but the court sentenced the defendant to a five-year term of probation); *United States v. Niren*, No. 13-0171, 2016 WL 3958737, at *2 (W.D. Pa. July 22, 2016) (noting when declining to terminate the defendant's term of probation that although he "could have spent two years in prison[,] he was sentenced to no prison term" and declaring "there is no compelling reason for

6

further leniency"). Given Cloyd's favorable plea agreement and sentence as well as the nature and circumstances of the offense, along with her continued struggles with substance abuse and mental health problems, early termination of her probation term is not in the interest of justice. She has an ongoing need for substance abuse and mental health treatment, which are both currently being addressed by Probation. This assistance would not continue to be provided if her probation were terminated early.

As Probation observes:

> Although Ms. Cloyd should be commended for her progress so far, there is no reference to any extraordinary accomplishments or compelling reasons for granting the motion. She is actively enrolled in treatment services and has violated a condition of supervision by leaving the district without permission. Therefore, our office respectfully recommends the Court deny the motion for early termination and continue the probation term through the current expiration date of March 25, 2026.

The court concurs with Probation's assessment of the situation and finds that the early termination of Cloyd's term of probation is unwarranted.

III.   Conclusion

In the court's view, requiring Cloyd to complete her agreed-upon sentence of probation reflects the seriousness of her offense and will serve as just punishment, promote respect for the law, and deter future violations of the law. It will also serve to provide Cloyd with needed mental health and substance abuse treatment, as set forth in 18 U.S.C. § 3553(a).

In accordance with the foregoing, Cloyd's Motion for Early Release from Probation (#2) is DENIED.

SIGNED at Beaumont, Texas, this 6th day of June, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE